IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES T. FOLEY, | ) |
|     Plaintiff/ Judgment Creditor | ) ) ) ) NO:   09 CA 11280 DJC |
| v. | ) ) ) |
| YALE TURNER and DONNA TURNER, | ) ) |
|     Defendants/Judgment Debtors | ) |

**PLAINTIFF/JUDGMENT CREDITOR'S RESPONSE TO
MAGISTRATE ROBERT B. COLLINGS ORDER, DOCKET #109**

NOW COMES the Plaintiff/Judgment Creditor, James T. Foley, and for his Response to the February 28, 2013 Order of Magistrate Judge Robert B. Collings (Docket #109), states as follows:

**BACKGROUND**

On January 06, 2013 Plaintiff/Judgment Creditor, James T. Foley served his First Set of Rule 69 Interrogatories on the Turner Defendants. The Turners failed to answer the interrogatories within the time set by the Federal Rules of Civil Procedure, and when Foley inquired as to the Turners' intent and whether they needed an extension of time to answer the interrogatories, Mr. Turner advised Foley to "get a court order". In an effort to do just that, Foley filed his Motion to Compel, Docket #107 on February 09, 2013. The Turner Defendants/Judgment Debtors filed no opposition to the motion and on February 28, 2013 Magistrate Judge Robert B. Collings entered an Order (Docket #109) ordering the Turners to serve full and complete signed answers to Plaintiff/Judgment Creditor's interrogatories by close of business on Monday, March 18, 2013. Judge

1

Collings' order additionally stated that failure by the Turners to comply with the Order shall result in the imposition of one or more of the sanctions set forth in Fed.R.Civ.P. Rule 37(b). The Court directed Foley to file and serve by Friday, March 08, 2013 an affidavit documenting the amount Plaintiff/Judgment Creditor will claim as the reasonable expenses, including attorney's fees incurred in obtaining the February 28, 2013 Order. Considering past behavior and practice of the Turners, Plaintiff/Judgment Creditor anticipates that the Turners' will not properly and fully respond to the outstanding rule 69 Interrogatories by March 18, 2013.

Plaintiff/Judgment Creditor Foley obtained a judgment against the Turner Defendants/Judgment Debtors in the amount of $34,175.79 on March 01, 2012 (Docket #95). The purpose of Plaintiff's Rule 69 Interrogatories is and was to discovery information to aid in the collection of the judgment. That remains the goal of the Plaintiff/Judgment Creditor, and the Turners continue to do everything in their power to prevent Plaintiff/Judgment Creditor from getting the necessary information to collect the judgment. Yale Turner has continually refused to cooperate with the discovery process, (See Court's Electronic Entry of July 13, 2010; Docket #25 dated August 10, 2010; Court's Electronic note of November 04, 2011; and, Electronic Clerk Notes of January 19, 2012), he has refused to properly respond to written discovery propounded on him; and both of the Turners have refused to appear and sit for their depositions, for which Judge O'Toole issued sanctions. Plaintiff/Judgment Creditor, as mentioned above, believes that the Turners will again ignore the Court's February 28, 2013 Order, and refuse to "serve full and complete answers to plaintiff's First Set of Interrogatories which are signed and in all other respects comply with 33(b), Fed.R.Civ.P.". Plaintiff/Judgment

Creditor has attached as Exhibit 1 his affidavit documenting the amount that he will claim as the reasonable expenses, including attorney's fees that the Plaintiff has incurred in obtaining the Court's Order of February 28, 2013, however what Plaintiff/Judgment Creditor is really after in the necessary information to allow satisfaction of the March 01, 2012 judgment that has been entered against the Turners. Plaintiff/Judgment Creditor firmly believes that the Turners have ample assets from which to satisfy the judgment, however they have done quite a bit of work to try to hide, fraudulently move, and/or otherwise conceal their assets. As Yale Turner advised Foley via email on January 10, 2013, "I believe I am judgment proof, but give it a try." (See Exhibit 2) Mr. Turner has tried very hard to make himself "judgment-proof"; however the facts would tend to indicate otherwise.

Should the Turner Defendant/Judgment Debtors refuse to comply with the Court's Order of February 28, 2013, Plaintiff/Judgment Creditor Foley asks the Court to, pursuant to Fed.R.Civ.P., Rule 37(b)(D), enter an Order treating as a contempt of court Yale Irwin Turner and Donna Turner's failure to obey the February 28, 2013 Order. Additionally, Plaintiff/ Judgment Creditor Foley asks this Court to Order the Turner Defendants to appear before the Court, on a date certain and answer, under oath questions relative to their assets, financial holdings and generally all items covered in the Rule 69 Interrogatories that are subject to this Order. Additionally, Plaintiff/ Judgment Creditor Foley asks the Court to order the Turners to pay Plaintiff/Judgment Creditor Foley's travel expenses and related expenses in traveling to court for that Hearing, an amount certain, to be determined following such Hearing. Nothing else seems to work with these Defendants.

## ATTORNEY'S FEES

Plaintiff/Judgment Creditor James T. Foley is *pro se*. Plaintiff/Judgment Creditor James T. Foley is an attorney, licensed in the State of Illinois, and in several (14) United States District Courts, however not the District of Massachusetts. Plaintiff previously filed a Motion for Sanctions, Fees and Other Relief against the Turner Defendants pursuant to Fed.R.Civ.Proc., Rule 37(a)(4) and 37(d) with this Court. (Docket #24, filed July 22, 2010). Judge O'Toole granted in part and denied in part Plaintiff's Motion. (See Docket #25, August 10, 2010). In his Order of August 10, 2010 Judge O'Toole refused to award Plaintiff his attorney's fees, holding that *pro se* attorney-litigants cannot recover attorney's fees. Plaintiff has subsequently researched the issue of *pro se* attorneys being awarded fees, and while there have been some exceptions, the majority of cases hold that *pro se* attorneys are not entitled to attorney fees, so in this instance Plaintiff/ Judgment Creditor will not seek his fees. However as stated above, the relief that Plaintiff/Judgment Creditor Foley seeks is an Order holding the Turners in contempt for failing to comply with the Court's February 28, 2013 Order; an Order which compels the Turners to appear before the Court to answer, under oath, questions consistent with the Rule 69 Interrogatories previously served upon them; and, an Order awarding Plaintiff/ Judgment Creditor Foley his costs and expenses related to appearing before the Court for that Hearing.

## PLAINTIFF'S REASONABLE EXPENSES

As discussed in Plaintiff's Motion to Compel, (Docket #107), Plaintiff served the Rule 69 Interrogatories on the Turner Defendants via certified mail and personally by a process server. (See paragraphs 1, 2, and 3 of Docket Entry 107; See also Exhibit 3, 4

and 5). Plaintiff paid the United States Postal Service $7.40 for USPS certified mail 7011 2970 0000 1656 6803. (See Exhibit 3 attached). Additionally, Plaintiff was billed and paid a total of $150.00 to "On the Way" process server for individual service of the Interrogatories to the Turners. (See Exhibit 4 Attached.)

Plaintiff's affidavit of reasonable expenses is attached as Exhibit 1, and Plaintiff is seeking expenses in the amount of $157.40 as set forth in the affidavit. Additionally Plaintiff is seeking the relief discussed above, and whatever additional relief this Court deems fair, reasonable and necessary.

Dated:        March 07, 2013

s/s James T. Foley<br>
James T. Foley, Pro Se

James T. Foley, Pro Se
FOLEY LAW GROUP, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509 Fax
jfoley@foleylawgroup.com

## **CERTIFICATE OF SERVICE**

The undersigned, the Plaintiff/Judgment Creditor in this action, certifies that he served a copy of Plaintiff's Response to Judge Collings February 28, 2013 Order by depositing via pre-paid United States Certified Mail to Defendant/Judgment Debtor Yale Turner and Donna Turner, at the address listed below on March 07, 2013.

                        Yale Irwin Turner
                        Donna Turner
                        100 Wendall Road
                        Newton, MA. 02459


                                                  s/s James T. Foley
                                                  James T. Foley, pro se

James T. Foley, pro se
FOLEY LAW GROUP, LLC.
580 Oakmont Lane
Westmont, IL. 60559
(630) 908-3508
(630) 908-3509 fax
jfoley@foleylawgroup.com