## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JAMES T. FOLEY,          )
                              )

    **Plaintiff/Judgment Creditor**   )

                              )     NO:    09 CA 11280 DJC
                              )

    v.                         )
                              )

YACHT MANAGEMENT GROUP,  )
INC., SAMIR JABER, YALE      )
TURNER, and DONNA TURNER,   )
    **Defendants/Judgment Debtors.**  )

## PLAINTIFF'S MOTION FOR IMPOSITION OF SANCTIONS

NOW COMES the Pro Se Plaintiff/Creditor, James T. Foley, and for his Motion for the Imposition of Sanctions, Pursuant to Rule 37(b),of the Federal Rules of Civil Procedures against Defendant Yale Turner and Donna Turner (hereinafter "The Turner Defendants), and in support, states as follows:

## PROCEDURAL BACKGROUND

Judgment was entered against the Turner Defendants and in favor of Plaintiff Foley on March 01, 2012 in the amount of $34,175.79.  (See Docket Entry 95).  On January 06, 2013 Plaintiff/Creditor Foley served on the Turner Defendants individually his First Set of Rule 69 Interrogatories via email and via certified mail, return receipt article number 7011 2970 0000 1656 6803.  Additionally, because of the Turner Defendants' custom and practice of refusing all certified mail deliveries from the Plaintiff/Creditor, on January 09, 2013 Plaintiff/Creditor had the Turner Defendant personally served with the Rule 69 Interrogatories.  On January 10, 2013 via email Defendant Yale Turner advised Foley to "get a court order" to force the Turner

Defendants to answer the Rule 69 Interrogatories.  Again on February 04, 2013 Plaintiff Foley received an email from Defendant Yale Turner advising that a court order was required before Defendant Turner would answer the Rule 69 Interrogatories.  Copies of the January 10, 2013 and February 04, 2013 emails were attached as Exhibit 6 and Exhibit 7 to Plaintiff/Judgment Creditors February 09, 2013 Motion to Compel, docket Entry 107.

As stated above, following the Turner Defendants refusal to Answer the Rule 69 Interrogatories within the prescribed time, Plaintiff/Judgment Creditor filed a Motion to Compel the Turner Defendants to answer the Rule 69 Interrogatories on February 09, 2013.  (Docket Entry 107).  The Turner Defendants filed no response or objection to the Motion to Compel, and on February 28, 2013 Magistrate Judge Robert B. Collings entered an Order allowing Plaintiff's Motion.  (Docket Entry 109).  Magistrate Judge Collings' Order of February 28, 2013 ordered the Defendants Yale Turner and Donna Turner to "serve full and complete answers to plaintiff's First Set of Interrogatories which are signed and in all other respects comply with Rule 33(b), Fed.R.Civ.P., **on or before the close of business on Monday, March 18, 2013.**  (See Docket Entry 109). The Turner Defendants did not comply with magistrate Judge Collings Order, as will be discussed below.

Additionally Magistrate Judge Collings' Order addressed Plaintiff's claim for reasonable expenses, and Judge Collings directed the Plaintiff to "file and serve **on or before the close of business Friday, March 08, 2013,** an affidavit or affidavits documenting the amount that the plaintiff will claim as the reasonable expenses…" Plaintiff filed his response to Judge Collings' Order on March 07, 2013, Docket Entry

114. Finally Judge Collings' Order of February 28, 2013 granted the Turner Defendants leave to file and serve a response/opposition to the amount claimed or any deficiencies in the supporting documentations **on or before the close of business Wednesday, March 20, 2013.** The close of business has come and gone and the Turner Defendants have filed to such response/opposition.

Plaintiff/Judgment Creditor now seeks a Court Order treating as a contempt of court pursuant to Fed.R.Civ.P., Rule 37(b)(D) the Turner Defendants' failure to obey the February 28, 2013 Order; an Order ordering the Turner Defendants to appear before the Court, on a date certain to answer, under oath questions relative to their assets, financial holdings and generally all items covered in Plaintiff's Rule 69 Interrogatories; an Order ordering the Turner Defendants to reimburse Plaintiff Foley all travel related expenses incurred as a result of having to travel to Boston to question the Turner Defendants'; and whatever other sanctions the Court deems just and reasonable under the circumstances.

## THE TURNER DEFENDANTS ARE IN WILLFUL CONTEMPT OF THE COURT'S FEBRUARY 28, 2013 ORDER

On March 13, 2019 Plaintiff/Judgment Creditor Foley received a Notice of Electronic Filing from the Clerk of the Court, Docket Entry 115 stating "Remark – Answers to the First Set of Interrogatories received from Yale Turner and mailed back as they are not to be entered on the docket." Foley received no such mailing from the Turner Defendants.

On Friday March 15, 2013 at 5:14 PM Plaintiff/Judgment Creditor Foley sent an email to the Turner Defendants' former counsel, Michael Lustig, who Plaintiff knows is still in contact with the Turner Defendants. A copy of that email is attached as Exhibit 1. Plaintiff asked Mr. Lustig to please ask the Turners to send the Interrogatory answers by

Monday March 18, 2013 or Foley would file a Motion to find the Turners in contempt. In that email, Plaintiff stated to Mr. Lustig that Mr. Turner attempted to file something with the clerk earlier in the week, but the Clerk returned the document to Turner. Two minutes after sending the email to Mr. Lustig, at 5:16PM, Michael Lustig responded to Plaintiff by stating "Jim, I will ask him. M." (See Exhibit 2 attached).

On Saturday, March 16, 2013 at 7:32 AM Plaintiff/Judgment Creditor Foley received an email from Defendant/Judgment Debtor Yale Turner which contained no text, but the "Subject" line read "ANSWERS TO INTEROGRATORIES. (sic). The email indicated that there was an attachment to the email, however the "attachment" was a blank sheet of paper. (See Exhibit 3 attached). On march 16, 2013 at 1:10 PM, Plaintiff sent an email to Defendants/Judgment Debtors Yale Irwin Turner and Donna Turner advising them that "the "attachment" does not open." Plaintiff went on to state: "Please have your respective signed Interrogatory answers to me by the close of business Monday March 18, 2013." (See Exhibit 4 attached). Defendant Yale Turner immediately responded to the email at 1:11 PM, by stating "I will resent it." (See Exhibit 5 attached). At 1:52 PM on March 16, 2013 Plaintiff received an email from Defendant/Judgment Debtor, however it contained no text and no attachment. (See Exhibit 6 attached). Then at 4:00 PM on March 16, 2013 Defendant/Judgment Debtor Turner sent another email to Plaintiff/ Judgment Creditor Foley asking "were you able to open the file?" The email sent on March 16, 2013 at 4:00 PM contained no attachment and no Interrogatory Answers. (See Exhibit 7 attached). At 4:18 PM Plaintiff/Judgment Creditor Foley sent an email advising Mr. Turner that there was no file attached to the

email. (See Exhibit 8 attached), and at 4:19 PM Foley sent Turner another email again advising that there was no attachment to the previous emails. (See Exhibit 9 attached).

Finally, on March 16, 2013 at 9:33 PM Chicago time, Plaintiff/Judgment Creditor received the final email of the day from Defendant/Judgment Debtor Yale Irwin Turner, and this one, which is attached as Exhibit 10 sums up the real story. The Turner Defendants never prepared Interrogatory Answers, never intended to comply with the Court's Order of February 28, 2013 and were just playing games with the Plaintiff and this Court.

The subject line of Turner's email sent at 9:33 PM states **"get a court order for the correct parties"**. The body of his email states:
**Captain Foley, You need to re file your motion for interrogatories OR GET LOST.**


**There is NO DONNA TAYLOR OR DONALD TURNER.**
**THE ORDER IS NOT VALID. SORRY.**


**Enjoy your boat. If you are not already using it as a anchor.**
(emphasis added) (See Exhibit 10 attached).

This action of the Turner Defendants has been ongoing for over four years. They have continually mocked this Court, this Court's Orders, and the Judges that have handled this case. They have harassed the Plaintiff with threatening email, multiple baseless reports to the Illinois Supreme Court's Attorney Registration and Disciplinary Committee (ARDC) and total disregard for all Federal Rules of Civil Procedures and Local Rules of the District of Massachusetts. They have filed a ridiculous lawsuit

naming the Plaintiff and his law firm as Defendants, seeking $12,000,000.00, all the while laughing at the system, the Plaintiff and the Court. (Which this Court has dismissed) Now they have declared the Court's Order of February 28, 2013, Docket Entry 109 **"NOT VALID"**.

This Court requested that Plaintiff Foley file a document by March 08, 2013 setting forth "reasonable expenses" that the Plaintiff will claim as a result of the actions of the Turner Defendants.  Plaintiff did that on March 07, 2013 and the Turner Defendants' filed no responsive document or objection to Plaintiff's filing.  The actual monetary damages sought by Plaintiff in that filing are minimal, as Foley is a pro se attorney and it is questionable as to whether he is entitled to be reimbursed for attorney fees in this matter.  However Plaintiff/Judgment Creditor has been forced to waste many hours while the Turners mock this Court and the Plaintiff.  The Court and the unfortunate Judges assigned to this case have wasted endless hours handling matters that they should not have to get involved in.  Yale Turner and Donna Turner must now somehow pay for their actions.

Magistrate Judge Collings has experienced similar type actions in the past by parties to litigation.   In the case captioned *ARLENE CLAIBORNE-INGRAM v. DOUGLAS S. HATFIELD,* 09-11481-PBS  Judge Collings stated in Docket Entry 80 at page 2, **"[e]nough is enough.  The plaintiff is blatantly flouting the orders of the Court, and, accordingly, her case should be dismissed forthwith."**  The Turner Defendants certainly have been "flouting" the Orders of this Court for years, and it is unfortunate that the same remedy is not available in this case presently before the Court. Yale Turner has elevated himself, at this point, to a position above the District Court by

declaring the Court's Orders **"NOT VALID"**, and determining that Yale and Donna Turner are not required to abide by them.   Enough is enough.   Please Order that Yale Irwin Turner and Donna Turner appear before this Court to answer under oath questions regarding their assets, their financial holding, and all issues that should have been answered when they responded to Plaintiff/Judgment Creditors Rule 69 Interrogatories. Additionally please order Yale Turner and Donna Turner to reimburse Plaintiff/Judgment Creditor Foley for his travel to Boston for this Hearing. Finally enter an Order holding the Turner Defendants in contempt for their repeated and habitual "flouting" of this Court's Orders.

## **CONCLUSION**

For all of the reasons set forth above, Plaintiff/Judgment Creditor prays that this Court enter an Order granting Plaintiff all of the relief requested in his Response (Docket Entry 114) to the Court's Order of February 28, 2013 (Docket Entry 109), including but not limited to a finding that the Turner Defendants are in Civil Contempt for their blatant disregard for the Courts Order of February 28, 2013, and whatever other relief and or sanctions this Court deems are reasonable and necessary.

s/s James T. Foley
Plaintiff/Judgment Creditor
Pro Se

James T. Foley, Pro Se
Foley Law Group, LLC.
580 Oakmont Lane
Westmont, IL 60559
(630) 908-3508
(630) 908-3509 fax
jfoley@foleylawgroup.com

## CERTIFICATE OF SERVICE AND FILING

The undersigned, the Plaintiff/Judgment Creditor in this action, certifies that he served a copy of Plaintiff/Judgment Creditor's Motion for the Imposition of Sanction against the Turner Defendants by deposition via pre-paid, United States Certified Mail to Defendants/Judgment Debtors Yale Turner and Donna Turner at the address listed below on March 20, 2013.  Additionally Plaintiff/Judgment Creditor filed this Motion with the Court using the Court's Electronic Filing System on March 20, 2013.

YALE IRWIN TURNER
DONNA TURNER
100 WENDALL RALD
NEWTON, MA. 02459

s/s James T. Foley
Plaintiff, Pro Se

James T. Foley, Pro Se
Foley law Group, LLC
580 Oakmont Lane
Westmont IL. 60559
(630) 908-3508
(630) 908-3509 fax
jfoley@foleylawgroup.com