# United States District Court
# District of Massachusetts

JAMES T. FOLEY,
    Plaintiff,

v.                                     CIVIL NO. 2009-11280-DJC

YALE TURNER,
DONNA TURNER,
    Defendants.

## REPORT AND RECOMMENDATION THAT AN ORDER TO SHOW CAUSE ISSUE REQUIRING YALE TURNER AND DONNA TURNER TO SHOW CAUSE WHY THEY SHOULD NOT BE FOUND IN CONTEMPT OF COURT

COLLINGS, U.S.M.J.

    On February 28, 2013, the Court issued an Order (#109) on Plaintiff's First Motion to Compel Answers to Rule 69 Interrogatories (#107) (copy attached). The Order required defendants Yale Turner and Donna Turner

(hereinafter, "the defendants") to serve full and complete answers to plaintiff's interrogatories by the close of business on March 18, 2013. According to plaintiff, no answers were ever served, and, as a result, plaintiff filed Plaintiff's Motion for Imposition of Sanctions (#116) including the sanction of contempt. No opposition to that motion was filed.

It appears from a review of Plaintiff's Motion for Imposition of Sanctions (#116) that the defendants have wilfully and contumaciously refused to obey the Court's February 28th Order. Accordingly, I RECOMMEND that the District Judge to whom this case is assigned issue an ORDER TO SHOW CAUSE requiring the defendants to appear in person before the her and then and there to show cause why they should not be held in contempt and appropriately punished because of their refusal to obey the Court's February 28th Order. It is noted that such a hearing must be held before the District Judge due to the limited nature of the contempt powers of magistrate judges. *See* 28 U.S.C. § 636(e).

As to the other sanctions sought in Plaintiff's Motion for Imposition of Sanctions (#118), it is best that they be considered as part of any contempt sanction, but if no contempt is found, the Plaintiff's Motion, Etc (#118) may be

re-referred to the undersigned for consideration of the additional sanctions sought, all of which a magistrate judge has the power to award.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

April 23, 2013.